COMMONWEALTH *vs.* STEVIE JAIMAN. February 3, 2016. *Bail. Supreme Judicial Court*, Superintendence of inferior courts.

This case is before us on a reservation and report from a single justice of the county court. It concerns the same single issue that we address in *Commonwealth v. Morales*, 473 Mass. 1019 (2016), also decided today: whether a court has the authority to revoke a defendant's bail pursuant to G. L. c. 276, § 58, where the defendant was "on release," defaulted by failing to appear, and later was charged with committing a new crime.

On January 19, 2011, the defendant was arraigned in the Boston Municipal Court on charges of possession with intent to distribute marijuana, G. L. c. 94C, § 32C (a); possession with intent to distribute marijuana in a school zone, G. L. c. 94C, § 32J; and possession of a firearm without a firearm identification card, G. L. c. 269, § 10 (h). The court gave the defendant the bail revocation warning pursuant to G. L. c. 276, § 58, and released him on personal recognizance. After he failed to appear at a pretrial hearing, the court found him to be in default and issued a default warrant.

The warrant was still outstanding when the defendant was charged with a new crime, aggravated statutory rape, in violation of G. L. c. 265, § 23A, in April, 2015. At his arraignment on the new charges, the court denied the Commonwealth's motion to revoke the defendant's bail on the ground that he

was not subject to bail revocation under G. L. c. 276, § 58, sixth par. Because the defendant defaulted in the prior matter, he was no longer "on release" and therefore did not commit the new crime "during said period of release." The court did not take any action on the outstanding default warrant. In the new matter, the court set bail in the amount of $10,000 and imposed conditions on his release.

The Commonwealth subsequently filed a petition pursuant to G. L. c. 211, § 3, in the county court seeking relief from the denial of its motion to revoke the defendant's bail. The single justice reserved and reported the matter to the full court.

In *Morales*, 473 Mass. at 1020-1021, we address the reasons why we interpret G. L. c. 276, § 58, sixth par., to mean that a defendant such as one in the circumstances presented here is still "on release" for purposes of bail revocation and why a judge therefore has the authority to revoke the defendant's bail.

For the reasons there stated, and as in that case, we remand the case to the county court where the single justice is directed to enter an order vacating the lower court's ruling and remanding the matter to that court for further proceedings consistent with this opinion.

*So ordered.*